UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
ELISABETH FRANCOIS,              :
              Plaintiff,         :
      v.                         :
                                 :      CA 09-590 S
LIBERTY TITLE & ESCROW,          :
              Defendant.         :
```

## REPORT AND RECOMMENDATION

David L. Martin, United States Magistrate Judge

Before the Court are two motions filed by Defendant Liberty Title & Escrow ("Defendant" or "Liberty"): 1) Defendant's Motion for a More Definite Statement Pursuant to Rule 12(e) (Document ("Doc.") #7) ("Motion for More Definite Statement") and 2) Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 12(b)(1) and 12(b)(6) ("Motion to Dismiss") (Doc. #8).  The motions have been have been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  I have determined that no hearing is necessary.  For the reasons stated below, I recommend that the Motion for More Definite Statement be granted and that the Motion to Dismiss be denied without prejudice.

## Discussion

The Motion for More Definite Statement is brought pursuant

to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(e).[1]
Liberty seeks a more definite statement of the claim of Plaintiff
Elisabeth Francois ("Plaintiff") and states that it cannot
reasonably prepare a response to Plaintiff's Original Complaint
(Doc. #1) ("Complaint").  The Court is compelled to agree.

Plaintiff's two paragraph Complaint does not allege that
Liberty violated any federal or state statute or that Liberty
engaged in any wrongful conduct or otherwise harmed or injured
Plaintiff.  The Complaint also does not contain a statement of
the grounds on which this Court's jurisdiction depends as
required by Fed. R. Civ. P. 8(a).[2]  Lastly, the Complaint does

---

[1] Fed. R. Civ. P. 12(e) provides:

**(e) Motion for a More Definite Statement.** A party may move for
a more definite statement of a pleading to which a responsive
pleading is allowed but which is so vague or ambiguous that
the party cannot reasonably prepare a response. The motion
must be made before filing a responsive pleading and must
point out the defects complained of and the details desired.
If the court orders a more definite statement and the order is
not obeyed within 14 days after notice of the order or within
the time the court sets, the court may strike the pleading or
issue any other appropriate order.

Fed. R. Civ. P. 12(e).

[2] Fed. R. Civ. P. 8(a) provides:

**(a) Claims for Relief.**  A pleading that states a claim for
relief must contain: (1) a short and plain statement of the
grounds for the court's jurisdiction, unless the court already
has jurisdiction and the claim needs no new jurisdictional
support; (2) a short and plain statement of the claim showing
that the pleader is entitled to relief; and (3) a demand for
the relief sought, which may include relief in the alternative
or different types of relief.

Fed. R. Civ. P. 8(a).

not contain a demand for judgment for the relief which Plaintiff seeks.

By the Motion to Dismiss, Liberty seeks dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. See Defendant's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 12(b)(1) and 12(b)(6) ("Dismissal Mem.") at 1.  In large measure, dismissal is sought based on the same deficiencies in the Complaint which the Court has identified above.

The allegations of Plaintiff's Complaint suggest that she may be attempting to allege a violation of Title VII of the Civil Rights Act of 1964.  See Alberty-Vélez v. Corporación de Puerto Rico para la Difusión Pública, 361 F.3d 1, 6 (1st Cir. 2004) ("Title VII protects employees from discrimination based on pregnancy or gender.")(citing 42 U.S.C. § 2000e(k); Cal. Fed. Sav. & Loan Ass'n v. Guerra, 479 U.S. 272, 277, 107 S.Ct. 683 (1987)); Troy v. Bay State Computer Group, Inc., 141 F.3d 378, 381 (1st Cir. 1998)(noting "that to fire [plaintiff] simply because she was pregnant would constitute gender discrimination").  However, her Complaint does not explicitly state this, and Liberty is entitled to know what wrongful acts or illegal conduct Plaintiff contends Liberty has committed. Liberty is also entitled to know the basis on which Plaintiff

contends that this Court has jurisdiction over the lawsuit (e.g., whether it is based on violation of a federal statute or diversity).

In short, the Court finds that Plaintiff's Complaint fails to satisfy the requirements of Fed. R. Civ. P. 8(a).  It does not contain: 1) a short and plain statement of the grounds for the Court's jurisdiction; 2) a short and plain statement of the claim showing that Plaintiff is entitled to relief; and 3) a demand for the relief Plaintiff seeks.  In deference to Plaintiff's pro se status, I recommend that Plaintiff be given fourteen days[3] to file an amended complaint which complies with Rule 8(a).  See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008)(stating that, as a general rule, courts "are solicitous of the obstacles that pro se litigants face, and while such litigants are not exempt from procedural rules, we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects").

Accordingly, I recommend that the Motion for More Definite Statement be granted and that the Motion to Dismiss be denied without prejudice to being renewed if the amended complaint fails

---

[3] If this Report and Recommendation is accepted by District Judge William E. Smith, the fourteen days shall run from the date that the Report and Recommendation is accepted.  If the Report and Recommendation is not accepted, then this time period shall be inapplicable, and Judge Smith's order will determine how this matter will proceed.

to comply with Rule 8(a).

## Conclusion

For the reasons stated above, I recommend that the Motion for More Definite Statement be granted and that Plaintiff be required to file an amended complaint which complies with Fed. R. Civ. P. 8(a) within fourteen days of the date that this Report and Recommendation is accepted.[4]  I further recommend that the Motion to Dismiss be denied without prejudice to being renewed if the amended complaint fails to comply with Rule 8(a).

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
February 23, 2010

---

[4] See n.3.

5