```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF RHODE ISLAND


ELISABETH FRANCOIS,              :
          Plaintiff,             :
                                 :
     v.                          :      CA 09-590 S
                                 :
LIBERTY TITLE & ESCROW CO.,      :
          Defendant.             :
```

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    Before the Court is the Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(2), 12(b)(3) & 12(b)(6)[1] (Document ("Doc.") #12) ("Second Motion to Dismiss" or "Motion") filed by Defendant Liberty Title & Escrow Co. ("Defendant" or "Liberty").  The Motion has been referred to me for preliminary

---

[1] Federal Rule of Civil Procedure 12(b) states in relevant part:

> (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
>     ....
>
>     (2) lack of personal jurisdiction;
>
>     (3) improper venue;
>
>     ....
>
>     (6) failure to state a claim upon which relief can be granted; and
>
>     ....

Fed. R. Civ. P. 12(b).

review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  A hearing was held on April 27, 2010. For the reasons stated below, I recommend that the Motion be denied.

**I.  Background**

Plaintiff Elisabeth Francois ("Plaintiff" or "Francois") is proceeding pro se.  On December 7, 2009, she filed an Original Complaint (Doc. #1) ("Original Complaint"), an Application to Proceed without Prepayment of Fees and Affidavit (Doc. #2) ("Application"), and Plaintiff's Motion for Appointment of Counsel (Doc. #3) ("Motion for Appointment of Counsel").  In the Motion for Appointment of Counsel, Plaintiff stated that she did not "know enough about law to properly present this case," Motion for Appointment of Counsel, and that "[j]ustice would be best served in this case if an attorney was appointed to represent Plaintiff," id.  On December 10, 2009, the Court granted the Application, see Text Order of 12/10/09, and denied the Motion for Appointment of Counsel, see Order Denying Motion to Appoint Counsel (Doc. #4).

With respect to the Motion for Appointment of Counsel, the Court found that Plaintiff had not demonstrated that there were exceptional circumstances which justified the appointment of counsel.  See id. at 4.  In making this finding the Court determined that the potential merit of Plaintiff's claim did not

2

weigh in favor of the appointment of counsel, see id. at 3, that the basic claim of her Original Complaint was straightforward, i.e., that Liberty unlawfully discharged her from employment because of her pregnancy, id., that while the legal issues raised by her claim were not simple, they were not so complex as to weigh in favor of the appointment of counsel, id. at 4, and that Plaintiff's filings demonstrated that she had the ability to draft documents which were understandable to the Court, see id.

Liberty responded to the Original Complaint on February 1, 2010, by filing two motions: Defendant's Motion for a More Definite Statement Pursuant to Rule 12(e) (Doc. #7) ("Motion for More Definite Statement"); and Motion to Dismiss Plaintiff's Complaint Pursuant to Rules 12(b)(1) and 12(b)(6) ("First Motion to Dismiss") (Doc. #8).  Both motions were referred to this Magistrate Judge, and they were addressed in a report and recommendation issued on February 23, 2010.  See Report and Recommendation of 2/23/10 (Doc. #9).  In that report and recommendation, the Court noted that:

> The allegations of Plaintiff's [Original] Complaint suggest that she may be attempting to allege a violation of Title VII of the Civil Rights Act of 1964.  See Alberty-Vélez v. Corporación de Puerto Rico para la Difusión Pública, 361 F.3d 1, 6 (1st Cir. 2004)("Title VII protects employees from discrimination based on pregnancy or gender.")(citing 42 U.S.C. § 2000e(k); Cal. Fed. Sav. & Loan Ass'n v. Guerra, 479 U.S. 272, 277, 107 S.Ct. 683 (1987)); Troy v. Bay State Computer Group, Inc., 141 F.3d 378, 381 (1st Cir. 1998)(noting "that to fire [plaintiff] simply because she was pregnant would constitute gender discrimination").  However, her

> [Original] Complaint does not explicitly state this, and Liberty is entitled to know what wrongful acts or illegal conduct Plaintiff contends Liberty has committed. Liberty is also entitled to know the basis on which Plaintiff contends that this Court has jurisdiction over the lawsuit (e.g., whether it is based on violation of a federal statute or diversity).

Report and Recommendation of 2/23/10 at 3-4.

The Court found that the Original Complaint failed to satisfy the requirements of Fed. R. Civ. P. 8(a) because it did not contain: 1) a short and plain statement of the grounds for the Court's jurisdiction; 2) a short and plain statement of the claim showing that Plaintiff is entitled to relief; and 3) a demand for the relief Plaintiff seeks.  Id. at 4.  However, in deference to Plaintiff's pro se status, the Court recommended that she be given fourteen days to file an amended complaint which complied with Rule 8(a).  See id. at 5.

On March 15, 2010, District Judge William E. Smith accepted the Report and Recommendation of 2/23/10, granted the Motion for More Definite Statement, and denied the First Motion to Dismiss without prejudice.  See Order (Doc. #13) ("Order of 3/15/10"). In the meantime, Plaintiff had filed her Amended Complaint (Doc. #11) which is the subject of the instant Second Motion to Dismiss.

**II.  Facts**

The Amended Complaint states in its entirety:

> I, Elisabeth Francois, Plaintiff, allege discrimination in employment based upon gender and upon pregnancy, which

4

>    is illegal and a violation of Title VII of the Civil
>    Rights Act of 1964 under the laws of the United States
>    and of the State of Rhode Island; resulting Liberty
>    Title, Defendant to terminate my employment.
>
>    I, Elisabeth Francois, Plaintiff, demand this court to
>    award damage and compensatory relief from Liberty Title,
>    defendant, for violating the Civil Rights under the laws
>    of the United States and of the State of Rhode Island.

Amended Complaint.

### III. Law

#### A. Rule 12(b(2) Standard

Faced with a motion to dismiss for lack of personal jurisdiction, a district court may choose from among several methods for determining whether the plaintiff has met her burden. Adelson v. Hananel, 510 F.3d 43, 48 (1st Cir. 2007)(citing Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 50-51 (1st Cir. 2002)).  These include the prima facie standard, the preponderance standard, and the likelihood standard. Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 83 (1st Cir. 1997)(citing Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675-78 (1st Cir. 1992)).  The prima facie standard is the most commonly used. Adelson v. Hananel, 510 F.3d at 48.  Under this standard, the court need only "consider ... whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction." Id. (quoting Foster-Miller, Inc. v. Babcock & Wilcox Canada, 46 F.3d 138, 145 (1st Cir. 1995)).  The court must

accept the plaintiff's (properly documented) evidentiary proffers as true for the purpose of determining the adequacy of the prima facie jurisdictional showing.  Id.  In fact, the court accepts them as true, irrespective of whether the defendant disputes them, and, in so doing, "construe[s] them in the light most congenial to the plaintiff's jurisdictional claim."  Id. (quoting Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 34 (1st Cir. 1998)).

   **B.  Rule 12(b)(3) Standard**

It does not appear that the First Circuit has articulated the standard which a district court should apply in considering a motion to dismiss for improper venue, except where such a motion is based upon a forum selection clause, see Rivera v. Centro Médico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009)("In this circuit, we treat a motion to dismiss based on a forum selection clause as a motion alleging the failure to state a claim for which relief can be granted under Rule 12(b)(6).").  The Second Circuit has noted that other circuits which have considered the question "typically treat venue determinations in the same way that they treat personal jurisdiction decisions ...," Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2nd Cir. 2005), and the Second Circuit agreed with those circuits "that a motion to dismiss for improper venue under Rule 12(b)(3) raises a quintessential legal question–where is venue proper?–even to the

6

extent that it may be fact-specific," id.  Thus, in Gulf Insurance the Second Circuit applied the same standard of review in Rule 12(b)(3) dismissals for improper venue as it did for Rule 12(b)(2) dismissals for lack of personal jurisdiction.  Id.  This Court finds the reasoning expressed in Gulf Insurance persuasive and applies that standard here.

With respect to venue:

> Title VII authorizes suit "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed" as well as in the district where employment records are kept, in the district where the plaintiff would have worked but for the alleged unlawful practice, and, if those provisions fail to provide a forum, in the district where the defendant keeps its principal office. 42 U.S.C. § 2000e-5(f)(3); Johnson v. Payless Drug Stores Northwest, 950 F.2d 586 (9th Cir. 1991).  Some courts have noted that "this broad provision for alternative forums was necessary to support the desire of Congress to afford citizens full and easy redress of civil rights grievances." Richardson v. Alabama State Board of Education, 935 F.2d 1240, 1248 (11th Cir. 1991).  In fact, the only limitation contemplated by the provision is that it seeks to "limit venue to the judicial district concerned with the alleged discrimination." Stebbins v. State Farm Mutual Auto Ins. Co., 413 F.2d 1100, 1102 (D.C. Cir. 1969); Ford v. Valmac Industries, Inc., 494 F.2d 330, 332 (10th Cir. 1974).

Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 504 (9th Cir. 2000); see also Chris v. Tenet, 221 F.3d 648, 652 (4th Cir. 2000)("Pursuant to 42 U.S.C. § 2000e-5(f)(3), proper venue under Title VII may be where the unlawful employment practice is alleged to have been committed, where the employment records relevant to the alleged unlawful employment practice are

maintained, where the aggrieved party would have worked absent the alleged unlawful employment practice, or, if the respondent is not found in any of the aforementioned places, where the respondent has its principal office.").

### C. Rule 12(b)(6) Standard

> To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1966-67 ... (2007). Dismissal for failure to state a claim is appropriate if the complaint fails to set forth "'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Centro Médico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005)(quoting Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997)).

Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).

The Court takes the well-pleaded facts in the light most favorable to the plaintiff and indulges all reasonable inferences in her favor. Id. However, the Court need not credit bald assertions, unsubstantiated conclusions, subjective characterizations, or problematic suppositions. See id. (quoting Wash. Legal Found. v. Mass. Bar Found., 993 F.2d 962, 971 (1st Cir. 1993)(citation and internal quotation marks omitted); accord Dartmouth Review v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989), overruled on other grounds by Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61 (1st Cir. 2004). The Court may augment the facts in the complaint by reference to "(i)

documents annexed to [the complaint] or fairly incorporated into it, and (ii) matters susceptible to judicial notice." Id. (quoting Nisselson v. Lernout, 469 F.3d 143, 150 (1st Cir. 2006))(alteration in original).

**IV. Discussion**

    **A. Jurisdiction**

        **1. Subject Matter Jurisdiction**

Plaintiff's Amended Complaint does not contain an explicit statement of the grounds for the Court's jurisdiction. See Amended Complaint; see also Report and Recommendation of 2/23/10 at 4 (noting this deficiency in the Original Complaint). However, Plaintiff's invocation of Title VII of the Civil Rights Act of 1964 is sufficient to alert the reader that this case involves a federal question. See R.I. Fishermen's Alliance v. R.I. Dep't of Envtl. Mgmt., 585 F.3d 42, 48 (1st Cir. 2009) (explaining that there are two types of actions that fall within the category of federal question jurisdiction and that "[t]he first (and most familiar) category involves direct federal questions; that is, suits in which the plaintiff pleads a cause of action that has its roots in federal law (say, a claim premised on the United States Constitution or on a federal statute)"); King v. N.H. Dep't of Res. & Econ. Dev., 562 F.2d 80, 82 (1st Cir. 1977)(finding no merit to defendants' objection to district court's jurisdiction where plaintiff alleged employment

discrimination based on sex in violation of Civil Rights Act of 1964)(citing 42 U.S.C. § 2000e-2)[2]). Reading Plaintiff's Amended Complaint generously, see de Aza-Paez v. United States, 343 F.3d 552, 553 (1st Cir. 2003)(noting "the court's obligation to read pro se complaints generously"), I find that she has adequately provided "a short and plain statement of the grounds for the Court's jurisdiction," Report and Recommendation of 2/23/10 at 4.

### 2. Personal Jurisdiction

With respect to personal jurisdiction, the Court is compelled to agree with Liberty that the Amended Complaint "does not allege any facts that establish or attempt[] to establish personal jurisdiction on Liberty." Defendant's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint Pursuant to 12(b)(2), 12(b)(3) & 12(b)(6) at 1. Rule 12(b)(2) contemplates that a plaintiff will allege some facts in her complaint which

---

[2] 42 U.S.C. § 200e-2 provides in relevant part:

(a) Employer practices

    It shall be an unlawful employment practice for an employer--

    (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

    ....

42 U.S.C. § 2000e-2(a).

indicate that the defendant is subject to the court's jurisdiction.  See Mass. Sch. of Law at Andover, Inc., 142 F.3d at 34 (explaining that, in deciding a Rule 12(b)(2) motion to dismiss for want of personal jurisdiction under the prima facie standard, the court is required to "take specific facts affirmatively alleged by the plaintiff as true (whether or not disputed) and construe them in the light most congenial to the plaintiff's jurisdictional claim"); see also Marino v. Hyatt Corp., 793 F.2d 427, 430 (1st Cir. 1986)("where the question of personal jurisdiction is submitted on the pleadings, **plaintiffs' written allegations of jurisdictional facts** are to be construed in their favor")(bold added); id. at 430-31 ("However, this does not relieve plaintiffs of the burden of making out a prima facie showing that jurisdiction exists ...."). Thus, the Court agrees with Liberty that Plaintiff's Amended Complaint is deficient because it fails to allege any facts showing that personal jurisdiction exists as to Liberty.

**B. Venue**

The Amended Complaint similarly lacks any information which would indicate that venue is proper in this District.  In particular, there is nothing in the pleading which indicates where the alleged discrimination occurred or where the parties reside or are located.

### C. Failure to State Claim

The Court also has little difficulty concluding that Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted. The pleading contains no recitation of facts to support the claim of discrimination. As already noted, the Amended Complaint does not allege when and where the alleged discrimination in employment occurred. See Sanchez v. Pereira-Castillo, 590 F.3d 31, 41 (1st Cir. 2009)("In order to survive a motion to dismiss, plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief.")(citing Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009)); Gagliardi v. Sullivan, 513 F.3d at 305 ("To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'")(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1966-67 (2007)); id. ("Dismissal for failure to state a claim is appropriate if the complaint fails to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.)(internal quotation marks omitted); see also Hostar Marine Transp. Sys. v. United States, 592 F.3d 202, 207 (1st Cir. 2010) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

plausible on its face."). Here, Plaintiff's Amended Complaint is conclusory and not substantiated by reasonable inference from well-pleaded facts. Indeed, there are virtually no well-pleaded facts contained in the Amended Complaint. Accordingly, it is subject to dismissal.

### D. Remedy

Based on the deficiencies identified above, Liberty asks that Plaintiff's action be dismissed. See Motion. Dismissal is certainly permissible based on the applicable case law which the Court has discussed in the foregoing sections. Also weighing in favor of dismissal is the fact that Plaintiff has already been given one opportunity to file an amended complaint, see Order of 3/15/10, and this opportunity came after the Court provided guidance to Plaintiff regarding the shortcomings of her Original Complaint, see Report and Recommendation of 2/23/10 at 4 (explaining why Plaintiff's Original Complaint failed to satisfy the requirements of Rule 8(a)).

On the other hand, the Court is struck by the fact that it can discern from the totality of Plaintiff's filings allegations which, if pled in a single document, would probably be sufficient to survive a similar motion to dismiss. See Original Complaint (stating facts); Application (listing Liberty's address); Amended Complaint (citing statute). Reading her Original Complaint, Application, and Amended Complaint together, Plaintiff appears to

have the ability to plead a prima facie case of illegal discrimination in employment based on gender and pregnancy. Given this circumstance, dismissal of Plaintiff's action because she apparently failed to understand that all of these allegations needed to be included in her Amended Complaint seems harsh. See Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008)(stating that, as a general rule, courts "are solicitous of the obstacles that pro se litigants face, and while such litigants are not exempt from procedural rules, we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects").  It seems especially harsh when considered in light of her earlier request that the Court appoint counsel for her.  At the time Plaintiff stated that she did not "know enough about the law to properly present this case." Motion for Appointment of Counsel.  Granting the instant Motion and dismissing this case would essentially prove Plaintiff's point.  She would lose without Liberty even having to respond substantively to her claim.

The Court is also influenced by the fact that there is no suggestion by Liberty that it is not subject to personal jurisdiction in this Court, that venue is not proper in this District, or that Liberty did not employ and terminate Plaintiff as she alleges.  Rather, Liberty at this point relies solely on

Plaintiff's non-compliance with procedural rules as a basis for the dismissal. While a pro se plaintiff is not excused from complying with procedural rules, see id., the imbalance here in the parties' knowledge of pleading requirements is striking.[3] Under all the circumstances, this Magistrate Judge concludes that Plaintiff should be given one final opportunity to file an amended complaint which complies with Rule 8(a) and remedies the deficiencies identified by Liberty in the instant Motion to Dismiss. Accordingly, I recommend that the Motion to Dismiss be denied and that Plaintiff be allowed to file a Second Amended

---

[3] At the hearing, counsel for Liberty was careful to avoid imparting any knowledge which might reduce that imbalance:

> The Plaintiff's Complaint, Your Honor, this is the Second Amended Complaint, I believe, and, uh, it fails to establish many of the necessary elements in order for a defense to be provided. Uh, it fails to establish a cause of action. I know it's alleged in the Complaint in the first paragraph, uh, a federal question, on a federal statute. However, the underlying facts needed to establish that cause of action, I believe, are deficient. Uh, there are also several other factors. Uh, **without cluing the plaintiff in to what those may or may not be**, there's a lack of, uh, jurisdictional facts set forth to establish, uh, jurisdiction by this Court on my client. Uh, I believe there's also a deficiency of facts to establish or that fail to establish, ah, that the plaintiff has, ah, proper venue, uh, as well as whether this Court, ah, can hear the Complaint on behalf of the plaintiff.

Electronic Recording of 4/27/10 Hearing ("E.R. of 4/27/10")(bold added). Liberty's counsel's reference to the Amended Complaint as the "Second Amended Complaint" is based on the fact that Plaintiff attempted to file an unsigned version of the Amended Complaint. The filing was rejected, but Liberty's counsel received a copy of it. Subsequently, he received a signed copy of the document. See Order Returning Document (Doc. #10); see also E.R. of 4/27/10 (response of Liberty's counsel to Court's question regarding his reference to "Second Amended Complaint").

Complaint.

## V. Conclusion

For the reasons stated above, I recommend that the Motion to Dismiss be denied and that Plaintiff be allowed to file a Second Amended Complaint within ten days[4] which complies with Fed. R. Civ. P. 8(a) and which also remedies the deficiencies identified by Liberty in the instant Motion to Dismiss. I further recommend that the Motion to Dismiss be denied without prejudice to being renewed if the Second Amended Complaint fails to comply with Rule 8(a) and remedy the deficiencies discussed herein.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
May 4, 2010

---

[4] This ten day period will not commence unless and until District Court William E. Smith accepts this Report and Recommendation.